1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
9   VINCE M. MULCAHY and BECKY L.            )      No. C13-1227RSL
     MULCAHY,                                )
10                                           )
                              Plaintiffs,    )
11              v.                           )
                                             )      ORDER GRANTING NORTHWEST
12   FEDERAL HOME LOAN MORTGAGE              )      TRUSTEE SERVICES' MOTION
     CORPORATION, *et al.*,                   )      FOR SUMMARY JUDGMENT
13                                           )
                              Defendants.    )
14  _____)

15

16          This matter comes before the Court on a motion for summary judgment filed by

17   defendant Northwest Trustee Services, Inc. ("NWTS").  Dkt. # 29.  Having reviewed the

     memoranda, declarations, and exhibits submitted by the parties,[1] the Court finds as follows:
18
                                      **BACKGROUND**
19
            In July 2006, plaintiffs borrowed $417,000 from Golf Savings Bank to purchase
20
     property in Whatcom County.  The promissory note was secured by a deed of trust, which lists
21
     Golf as "lender," Whatcom Land Title Insurance Company as "trustee," and MERS as both
22
     "beneficiary" and "nominee" for the lender and the lender's successors and assigns.  Dkt. # 8-4
23
     at 9.  Plaintiffs ran into financial difficulties in 2009 and defaulted on the loan.  At the time, the
24

25          [1] Plaintiffs' response mentions a "Request for Judicial Notice filed concurrently herewith."  Dkt.
26   # 32 at 16.  No such request was filed with the Court.

ORDER GRANTING NORTHWEST
TRUSTEE SERVICES' MOTION
FOR SUMMARY JUDGMENT

debt had been purchased by defendant Freddie Mac, and defendant Wells Fargo was servicing the loan.[2]

Plaintiffs, who were unaware that Freddie Mac had a beneficial interest in their loan, began communicating and working with Wells Fargo to obtain a modification of the terms of their promissory note. Wells Fargo issued a Notice of Default under the Washington Deeds of Trust Act ("DTA") on November 24, 2009, and appointed NWTS as successor trustee shortly thereafter. NWTS issued a Notice of Trustee's Sale, setting April 2, 2010, as the sale date. Plaintiffs continued their efforts to negotiate more manageable loan terms and were assured that their home would not be foreclosed upon because they were being evaluated for a modification. In February 2010, the parties agreed to a temporary modification. Plaintiffs set up an automatic withdrawal in Wells Fargo's favor, and the April foreclosure sale was cancelled (the Notice of Discontinuance of Trustee's Sale was not signed and recorded until September 2010). Although payments under the modified loan were supposed to last for only three months, Wells Fargo made six automatic withdrawals from plaintiffs' account beginning in February 2010 and ending in July 2010.

Plaintiffs allege that Wells Fargo stopped withdrawing mortgage payments and kicked them out of the loan modification program because plaintiffs failed to submit a monthly profit and loss statement. In August 2010, NWTS obtained a declaration that Wells Fargo was the holder of the promissory note (as required by RCW 61.24.030(7)) and issued a second Notice of Default under the DTA. Decl. of Jeff Stenman (Dkt. # 30), Ex. 3; Dkt. # 8-4 at 137. A Foreclosure Loss Mitigation Form, signed by Wells Fargo, accompanied the Notice of Default and declared:

---

[2] In December 2009, defendant MERS purported to assign whatever beneficial interest it had in the Deed of Trust to Wells Fargo. Dkt. # 8-4 at 31.

ORDER GRANTING NORTHWEST
TRUSTEE SERVICES' MOTION
FOR SUMMARY JUDGMENT          -2-

1
2
3
4

> The Beneficiary or beneficiary's authorized agent has exercised due diligence to contact the borrower as required by [RCW 61.24.031(5)] and, after waiting fourteen days after the requirements of [RCW 61.24.031] were satisfied, the Beneficiary or Beneficiary's authorized agent sent to the borrowers(s) [sic], by certified mail, return receipt, the letter required under [RCW 61.24.031].

5
6
7
8

Dkt. # 8-4 at 140.  Wells Fargo's declaration that it had diligently but unsuccessfully attempted to contact plaintiffs is made under penalty of perjury, but was apparently made by someone with no personal knowledge of Wells Fargo's contacts with plaintiffs and without reviewing the transactional history or current status of the loan.

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

       Plaintiffs attempted to rectify the deficiencies that got them kicked out of the loan modification program, sending in profit and loss statements as requested and repeating paperwork that had previously been submitted.  Nevertheless, a Notice of Trustee's Sale was issued on September 20, 2010, setting a sale date of December 27, 2010.  As the sale date approached, plaintiffs became increasingly nervous about the lack of a decision regarding their loan modification.  Throughout this period, Wells Fargo representatives assured plaintiffs that the foreclosure sale would not go forward because the parties were negotiating a modification.  On November 22, 2010, a Wells Fargo employee named Tabitha specifically told plaintiffs that the pending foreclosure sale had been cancelled.  Plaintiffs continued to pursue the loan modification, sending in whatever information and forms Wells Fargo requested.  When Wells Fargo requested additional information on December 18, 2010 (apparently Mrs. Mulcahy had not signed a financial information statement), it set a compliance deadline of December 28, 2010 (one day after the foreclosure sale had been scheduled to occur).  Plaintiffs had sent the requested information in the day before and called on December 20, 2010, to confirm that it had been received:  it had.  At no point did any Wells Fargo employee mention that the foreclosure sale was still pending on the property.

25
26

ORDER GRANTING NORTHWEST
TRUSTEE SERVICES' MOTION
FOR SUMMARY JUDGMENT      -3-

1   Plaintiffs' property was sold to Wells Fargo on behalf of Freddie Mac at a

2   foreclosure auction on December 27, 2010.  Plaintiffs did not realize that the sale had occurred

3   until they received a notice of eviction in early 2011.  Plaintiffs filed this action in state court on

4   December 28, 2012, seeking damages arising from various misrepresentations made to them

5   during the loan modification and foreclosure process, violations of the Deed of Trust Act, and

6   violations of the Consumer Protection Act.  Dkt. # 8-1 at 9.  The Honorable Deborra E. Garrett,

7   King County Superior Court Judge, dismissed all of plaintiffs' claims as time-barred.  Although

8   the damage claims asserted by plaintiffs were expressly exempted from waiver under RCW

9   61.24.127(1), Judge Garrett dismissed them because plaintiffs filed their lawsuit one day after

10  the statute of limitations expired.  RCW 61.24.127(2)(a).  Plaintiffs were, however, granted

11  leave to amend their complaint to seek a judicial invalidation of the trustee sale, rather than

12  damages.  Judge Garrett also reserved ruling on "whether, in the event the trustee's sale is

13  determined to be void, plaintiffs may be entitled to damages on claims or theories other than

14  those asserted pursuant to RCW 61.24.127."  Dkt. # 8-3 at 19.  The case was removed shortly

15  after plaintiffs filed their amended complaint.

16      Neither Wells Fargo nor Freddie Mac have pursued their efforts to evict plaintiffs

17  from the property.

18                                    **DISCUSSION**

19  **A.    Standard for Rule 56 Motion**

20      Summary judgment is appropriate if, viewing the evidence in the light most

21  favorable to the nonmoving party, "the movant shows that there is no genuine dispute as to any

22  material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a);

23  L.A. Printex Indus., Inc. v. Aeropostale, Inc., 676 F.3d 841, 846 (9th Cir. 2012).  The moving

24  party "bears the initial responsibility of informing the district court of the basis for its motion."

25  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  It need not "produce evidence showing the

26

ORDER GRANTING NORTHWEST
TRUSTEE SERVICES' MOTION
FOR SUMMARY JUDGMENT                    -4-

absence of a genuine issue of material fact" but instead may discharge its burden under Rule 56 by "pointing out ... that there is an absence of evidence to support the nonmoving party's case." Id. at 325.  Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial."  Id. at 324.  "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient:"  the opposing party must present probative evidence in support of its claim or defense.  Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir. 2001); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991).  "An issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party."  In re Barboza, 545 F.3d 702, 707 (9th Cir. 2008) (internal citations omitted).

**B.   Availability of Equitable Relief in General**

Plaintiffs seek a judicial declaration that the foreclosure sale that occurred on December 27, 2010, is void and of no effect.  For the reasons stated in the Order Denying Defendants' Motion to Dismiss (Dkt. # 35), the Court finds that waiver of equitable claims is not automatic under RCW 61.24.040(1(f)(IX) and that plaintiffs have alleged facts from which one could reasonably conclude that their failure to seek a pre-sale injunction did not waive their right to judicial review of the validity of the December 27, 2010, trustee's sale.

**C.   Availability of Equitable Relief Against NWTS**

Nevertheless, plaintiffs have not stated a plausible theory under which equitable relief can be obtained from NWTS.  The relief sought, namely the invalidation of the sale and/or an order directing reconveyance of the property to plaintiffs, would have no impact or effect on NWTS.  With regards to plaintiffs' claim for declaratory relief, NWTS is not a proper defendant.

ORDER GRANTING NORTHWEST
TRUSTEE SERVICES' MOTION
FOR SUMMARY JUDGMENT                      -5-

**D.      Claim for Monetary Damages Against NWTS**

         To the extent that plaintiffs are asserting a claim for monetary damages against

NWTS for alleged violations of the DTA, the claim is untimely.  Pursuant to RCW 61.24.127,

any claim for damages based on the assertion that the trustee failed to materially comply with the

requirements of the DTA must be asserted within two years from the date of the foreclosure sale.

Plaintiffs filed this action two years and one day after the sale of their property:  their damage

claim against NWTS is therefore time-barred.

         Plaintiffs' claim for monetary damages against NWTS also fails on the merits.

Plaintiffs allege that NWTS lacked authority to foreclose in December 2010 because Wells

Fargo was not the "owner" of the promissory note when it appointed NWTS as successor trustee

and the declaration of beneficiary status provided by Wells Fargo was not "truthful."  Response

(Dkt. # 32) at 15-16.  As trustee, NWTS had few obligations under the statute.  It owed a duty of

good faith to the participants (RCW 61.24.010(4)) and was obligated to confirm that Wells

Fargo was the owner of the note before issuing the notice of trustee's sale (RCW 61.24.030(7)).

Contrary to plaintiffs' assertion, "owner" in this context does not mean the entity or entities that

have a beneficial interest in the note.  Because the note is bearer paper, the DTA defines

"beneficiary" as the "holder" of the note, *i.e.*, the entity that has actual physical possession of the

paper itself.  Bain v. Metropolitan Mortg. Group, Inc., 175 Wn.2d 83, 89 (2012) (finding that

"only the actual holder of the promissory note or other instrument evidencing the obligation may

be a beneficiary with the power to appoint a trustee to proceed with a nonjudicial foreclosure on

real property" under the DTA).  NWTS was therefore obligated to ascertain only whether Wells

Fargo was the holder of the promissory note before issuing the notice of trustee's sale, not

whether some other entity had a beneficial interest in the proceeds of the note.

         RCW 61.24.030(7)(a) specifically provides that a declaration stating that the

purported beneficiary "is the actual holder of the promissory note or other obligation secured by

ORDER GRANTING NORTHWEST
TRUSTEE SERVICES' MOTION
FOR SUMMARY JUDGMENT                     -6-

1  the deed of trust" is sufficient proof of the beneficiary's right to foreclose.  NWTS had in its

2  possession just such a declaration.  While plaintiffs assert that the declaration was "untruthful,"

3  they have provided only supposition and conjecture in support of their theory that an entity other

4  than Wells Fargo possessed the note during the relevant period.  In addition, plaintiffs have not

5  provided any evidence tending to show that NWTS knew that an entity other than Wells Fargo

6  possessed the note or that NWTS acted in bad faith in relying on the beneficiary declaration

7  provided.  Having obtained exactly the type of evidence specified in the DTA, and in the

8  absence of any evidence of bad faith, plaintiffs have not established the trustee's breach of duty.

9

10                                    CONCLUSION

11        For all of the foregoing reasons, NWTS' motion for summary judgment (Dkt. # 29) is

12  GRANTED.

13

14        Dated this 28th day of March, 2014.

15                                    MMS Lasnik

16                                    Robert S. Lasnik
                                      United States District Judge
17

18

19

20

21

22

23

24

25

26

ORDER GRANTING NORTHWEST
TRUSTEE SERVICES' MOTION
FOR SUMMARY JUDGMENT                -7-